IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE PROSPECTOR OFFSHORE DRILLING S.à r.l., *et al.*, | : | Chapter 11 |
| | : | |
| | : | Case No. 17-11572 (CSS) |
| Debtors. | : | |
| | : | |
| MICHAEL R. HAMMERSLEY, | : | |
| | : | |
| Appellant, | : | |
| | : | Civ. No. 18-367 (LPS) |
| v. | : | Civ. No. 18-368 (LPS) |
| | : | |
| PROSPECTOR OFFSHORE DRILLING S.à r.l., *et al.*, | : | |
| | : | |
| Appellees. | : | |

## ORDER

This dispute arises in the Chapter 11 cases of Prospector Offshore Drilling S.à r.l. and its affiliated debtors ("Prospector Cases"). Presently before the Court is *pro se* appellant Michael R. Hammersley's *Emergency Motion for Stay Pending Appeal from the Orders Approving the Debtors Settlement and Dismissal* (Civ. No. 18-367, D.I. 5; Civ. No. 18-368, D.I. 5) ("Stay Motion"). For the reasons that follow, the Court will deny the Stay Motion.

***Background.*** Appellant filed the Stay Motion in connection with his appeals of: (i) the Bankruptcy Court's order (*Prospector* D.I. 369)[1] ("Settlement Order") granting Debtors' motion (*Prospector* D.I. 332) ("Settlement Motion") and authorizing Debtors to enter into a settlement agreement ("Settlement Agreement") to resolve a dispute arising under Sale-Leaseback Agreements[2] with SinoEnergy, the Prospector Corporations, New Paragon, and the Joint

---

[1] The docket of the Chapter 11 cases, captioned *In re Prospector Offshore Drilling S.à. r.l., et al.*, Case No. 17-11572 (CSS) (Bankr. D. Del.), is cited herein as "*Prospector* D.I. __."

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in Debtors' Settlement Motion and Dismissal Motion.

1

Administrators; and (ii) the Bankruptcy Court's order (*Prospector* D.I. 368) ("Order Authorizing Dismissal") granting Debtors' motion (*Prospector* D.I. 333) ("Dismissal Motion") and authorizing Debtors to submit the approved form of dismissal order under certification of counsel upon: satisfaction of administrative expenses;[3] payment of all other amounts owed on account of the Prospector Entities' outstanding claims and settlement amounts owed to the Prospector Corporations; consummation of the Settlement Agreement and occurrence of the Closing Date; and transfer of Paragon Parent's shares in Prospector Parent to New Paragon as contemplated by the Plan. At the conclusion of the hearing on the Settlement Order and Order Authorizing Dismissal, the Bankruptcy Court denied Appellant's oral motion to stay the Settlement Order and the Order Authorizing Dismissal. (*Prospector,* 3/5/18 Hr'g. Tr. at 23:3-12)

On March 5, 2018, Appellant timely appealed the Order Authorizing Dismissal (Civ. No. 18-367) and the Settlement Order (Civ. No. 18-368). On March 16, 2018, Appellant filed the Stay Motion, seeking a stay of both orders pending appeal, together with a motion for expedited consideration of the Stay Motion on the basis that Debtors intend to close a sale of certain assets affected by the Settlement Order on or before March 24, 2018 at 12:01 a.m. (Civ. No. 18-367, D.I. 6; Civ. No. 18-368, D.I. 6).[4] On March 19, 2018, the Court entered an order setting an expedited briefing schedule on the Stay Motion. (Civ. No. 18-367, D.I. 12; Civ. No. 18-368, D.I. 12) Debtors

---

[3] Administrative expenses include "satisfaction, resolution, or settlement of known, undisputed, and valid ordinary course and other administrative expenses of the Debtors, amounts owed under the Interim Cash Collateral Order, and fees due under 28 U.S.C. § 1930." (Response at 7)

[4] Several apparently similarly-situated equity holders have filed "Motions to Join the Stay Motion." (*See* Civ. No. 18-367, D.I. 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, & 30)

2

have filed their response opposing relief (Civ. No. 18-367, D.I. 24; Civ. No. 18-368, D.I. 24) ("Response").[5]

***Parties' Contentions.*** Appellant is a shareholder of Paragon Offhsore plc ("Paragon Parent"). In Paragon Parent's prior bankruptcy proceedings (the "Paragon Cases"),[6] a plan was confirmed and modified to provide that Paragon Parent would transfer its shares in Prospector Parent (and thus Prospector Entities) to New Paragon upon the satisfaction of certain conditions, including that the obligations of the Contracting Debtors under the terms of the Sale-Leaseback Agreements were discharged in full and the encumbrances, including over Prospector shares, were released. (*Paragon* D.I. 1775, 1792) Appellant argued that the Prospector Entities, while subsidiaries of Paragon Parent, were not subject to the Paragon Cases; that Appellant has an equity interest in the Prospector Entities; and that he is entitled to recovery from Paragon Parent, despite the fact that Paragon Parent's creditors did not receive full recovery, and there is a shortfall of over $1 billion that would need to be addressed before equity holders of Paragon Parent would be entitled to a distribution.[7] The plan was confirmed and modified over Appellant's objections, and Appellant's appeal of the plan modification order is pending.[8]

---

[5] The Court's March 19 order permitted Appellant to file a reply brief, due on March 21. Appellant has not filed a reply brief. Due to a snowstorm, the Court was closed on March 21. The Court also opened on a two-hour delay today, March 22. It is possible that these events caused Appellant, who is proceeding *pro se*, to believe he had longer to file a reply brief. Nevertheless, given the exigencies identified in Appellants' motion to expedite, the Court determined on the afternoon of March 22 that it was appropriate and necessary to issue its decision without waiting any longer to see if a reply brief would be filed.

[6] *In re Paragon Offhsore plc, et al.*, Case No.16-10386 (CSS) (Bankr. D. Del.). The docket of the Paragon Cases is cited herein as "*Paragon* D.I. __."

[7] *See* Response at 13-14, n. 30 (citing Bankruptcy Court transcript rulings).

[8] *See* Civ. No. 18-157-GMS. Appellant's appeal of the order confirming the plan in the Paragon Cases has been withdrawn. (*See* Civ. No. 17-802-GMS D.I. 10)

The Prospector cases were filed to protect Debtors' interest in valuable drilling rig assets ("Rigs") while working toward resolving the Sale-Leaseback dispute. The Settlement Agreement provides for the satisfaction of Debtors' obligations under the Sale-Leaseback Agreement and, in exchange, the transfer of ownership of the Rigs to the Prospector Entities free and clear of all encumbrances (which triggers Paragon Parent's obligation to transfer its shares in Prospector Parent to New Paragon). Appellant's appeals are, therefore, based on his continued assertion that the Bankruptcy Court erroneously concluded that the Prospector Entities were subject to the Paragon Cases (Stay Motion at 8-16), and that the Settlement Order approved an "impermissible structured dismissal" by permitting Debtors to transfer the Prospector Entities to New Paragon (*id.* at 16-18).

Debtors argue that Appellant's argument lacks merit and has been rejected many times in the Bankruptcy Court proceedings.[9] Debtors argue that staying either the Settlement Order or the Order Authorizing Dismissal would cause catastrophic harm (i) to the Debtors and their creditors, by derailing the Settlement Agreement and leaving them only litigation and a burdensome break-up fee, and (ii) the shareholders of New Paragon (i.e., the less than whole creditors of Paragon Parent), who are positioned to receive $232 million pursuant to a potential sale to Borr Drilling Limited ("Borr Transaction"), as the consummation of the Settlement Agreement and dismissal of the Prospector cases are both conditions to the Borr Transaction. Debtors add that any stay would have to be conditioned on the immediate posting of a bond sufficient to protect the Debtors and their stakeholders from irreparable injury, in the amount of approximately $335 million.

---

[9] *See* Response at 3, 12-13; *Prospector,* 11/30/17 Hr'g. Tr. at 24:14-18 (rejecting Appellant's argument that he has equity interest in Prospector Entities, holding that Appellant's "argument really comes down to a misunderstanding of the law and that is that the equity holders of [Paragon Parent] somehow own equity in the Prospector equities. It's just incorrect as a matter of corporate law."); *Prospector*, 1/10/18 Hr'g. Tr. at 30:3-17 (asserting it is time to put end to litigating issues that Debtors have already won many times over)

***Jurisdiction and Standard of Review.*** Appeals from the bankruptcy court to this court are governed by 28 U.S.C. § 158. District courts have mandatory jurisdiction to hear appeals "from final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). A stay pending appeal is extraordinary relief. *See Conestoga Wood Specialties Corp. v. Sec'y of U.S. Dep't of Health & Human Servs.*, 2013 WL 1277419, at *1 (3d Cir. Feb. 8, 2013). Appellant bears the burden of proving that a stay of the Settlement Order and Order Authorizing Dismissal is warranted based on the following criteria: (1) whether appellant has made "a strong showing" that it is likely to succeed on the merits; (2) whether appellant will be irreparably injured absent a stay; (3) whether a stay will substantially injure other interested parties; and (4) where the public interest lies. *Republic of Phil. v. Westinghouse Electric Corp.*, 949 F.2d 653, 658 (3d Cir. 1991). The most critical factors are the first two: whether the appellant has demonstrated (1) a strong showing of the likelihood of success, and (2) that it will suffer irreparable harm – the latter referring to harm that cannot be prevented or fully rectified by a successful appeal. *See In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal citations omitted)). The court's analysis should proceed as follows:

> Did the applicant make a sufficient showing that (a) it can win on the merits (significantly better than negligible but not greater than 50%) ***and*** (b) will suffer irreparable harm absent a stay? If it has, we balance the relative harms considering all four factors using a 'sliding scale' approach. However, if the movant does not make the requisite showings on either of these first two factors, the inquiry into the balance of harms and the public interest is unnecessary, and the stay should be denied without further analysis.

*Revel AC*, 802 F.3d at 571 (emphasis in original; internal quotation marks and citations omitted).

***Likelihood of Success on the Merits.*** As to the first factor, Appellant has not met its burden of making "a strong showing" that it is likely to succeed on the merits of its appeal of the Settlement Order. Appellant appears to challenge the Settlement Order on the basis that it substantively consolidated the Prospector Cases and the Paragon cases. (*See* Stay Motion at 14-16) Debtors

5

argue this is factually incorrect, as the Settlement Order simply approves the Settlement Agreement resolving issues between Debtors and their largest creditor, SinoEnergy. (*See* Response at 10 & n. 17) As a challenge to the Bankruptcy Court's findings of fact, review on appeal will be for clear error and the Bankruptcy Court's exercise of discretion or abuse thereof.[10]

A settlement under Bankruptcy Rule 9019 may be approved so long as the settlement is above "the lowest point in the range of reasonableness."[11] Debtors proffered testimony of Lee M. Ahlstrom, CFO of New Paragon and manager of Prospector Parent, who attested to: his heavy involvement in negotiating the Settlement Agreement; the length and nature of negotiations between the parties; the litigation risks inherent in the dispute, including the legal issue of choice of law as the single most important question in evaluating Debtors' ability to successfully recharacterize the Sale-Leaseback Agreements as secured debt; and Debtors' conclusion, after consultation with their board and advisors, that settlement of the dispute was in their best interests, in light of the litigation risks, costs of litigation, and catastrophic result if Debtors lost the Rigs. Debtors argue that Appellant submitted no evidence at the March 5, 2018 hearing in support of his objection to the Settlement Order and Order Authorizing Dismissal, apart from documents and exhibits already on file in the Paragon Cases and Prospector Cases, and a transcript of an unidentified phone call that appears to be between two individuals who are not involved in the cases. (*See Prospector* D.I. 366) The record reflects that Appellant declined the opportunity to cross-examine Ahlstrom and failed to present any testimony or otherwise introduce any evidence controverting Ahlstrom's testimony.

---

[10] *See In re Nutraquest, Inc.*, 434 F.3d 639, 644 (3d Cir. 2006) (reviewing district court's approval of settlement under Bankruptcy Rule 9019 for clear error and finding that district court did not abuse its discretion in finding settlement "fair and equitable").

[11] *See In re Washington Mutual Inc.*, 442 B.R. 314, 328 (Bankr. D. Del. 2011).

As the Bankruptcy Court relied on uncontroverted evidence, Appellant must demonstrate that the Bankruptcy Court abused its discretion by making a "clear error" in its factual findings on the reasonableness of the Settlement Agreement. Appellate courts afford bankruptcy courts great deference in determining questions of fact, and where an appellant has presented no relevant evidence, there is little chance of it prevailing.[12] The Stay Motion is devoid of any argument as to why the Settlement Agreement fails to satisfy the standard under Bankruptcy Rule 9019. The Stay Motion cites no additional evidence and relies mainly on a detailed timeline of events to date in the Paragon Cases and Prospector Cases, which seems intended to demonstrate that the Prospector Entities were not subject to the Paragon Cases. (Stay Motion at 8-16; Appendix 1) This issue is already on appeal. The Court finds no evidence or argument to contradict the Bankruptcy Court's findings that the Settlement Agreement is reasonable, and in the absence thereof, Appellant has little chance of success on appeal.

Appellant has also failed to establish a likelihood of success on appeal with respect to the appeal of the Order Authorizing Dismissal. Appellant's primary challenge – that the Prospector Entities are not subject to the Paragon Cases – is a challenge to the plan confirmed in the Paragon Cases – not to a dismissal of the Prospector Cases. Paragon's Plan provided for the transfer of the Prospector Entities to New Paragon pursuant to the order approving certain post-confirmation plan modifications ("Modification Order") (*Paragon* D.I. 1775, 1792), and Appellant's appeal of the order denying his motion for revocation of the Modification Order remains pending.

Appellant further argues that the Order Authorizing Dismissal authorized a "structured dismissal" in violation of *Cyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973 (2017). The Bankruptcy Court found that the dismissal did not effect "class skipping" and was "not a *sub rosa* plan: it

---

[12] *See e.g., In re Motor Coach Indus. Int'l, Inc.*, 2009 WL 330993, at *3 (D. Del. Feb. 10, 2009) (holding that, based on creditors' committee's failure to present evidence in support of its factual arguments, it failed to carry its burden to prove that stay pending appeal is justified.)

simply dismisses the case and reverts everyone back to their rights that they had in connection with the previous case [Paragon Cases], which [plan] has been confirmed and gone effective." (*See Prospector,* 3/5/18 Hr'g. Tr. at 20:21-21:2) Debtors argue that this cannot be a "structured dismissal" because the Prospector Debtors' creditors will be paid in full, in accordance with the Dismissal Authority Order, and Paragon Parent's creditors will be treated in accordance with the plan confirmed in the Paragon Cases. In absence of any evidence challenging the Bankruptcy Court's finding that dismissal of the Prospector Cases is in the best interests of Debtors and their creditors, the Court cannot conclude that the Appellant is likely to succeed on the merits of his appeal.

***Irreparable Injury Absent a Stay.*** Appellant has also failed to establish that he would suffer irreparable harm if he is not granted stay relief. Irreparable harm is "harm that cannot be prevented or fully rectified" by a successful appeal. *Revel AC,* 802 F.3d at 568. Moreover, a stay movant must demonstrate an injury that is neither remote nor speculative, but actual and imminent. *See id.* at 571. Appellant argues that he is facing infringement of his constitutional due process rights through deprivation of entitlement to just compensation for his residual interest in the Prospector Entities, and that shareholders of Paragon Parent will be unable to investigate and potentially prosecute avoidance actions. (*See* Stay Motion at 18-21) Debtors counter that the harm asserted by Appellant is remote and speculative, as he is entitled to no recovery in either the Paragon Cases or the Prospector Cases. (*See* Response at 14-15) Debtors argue that, in light of the fact that shareholders of Paragon Parent have no interest in the Prospector Entities, they do not have standing to prosecute avoidance actions on behalf of the Prospector Entities. (*See id.*)

As an equity holder in Paragon Parent, Appellant has no economic interest in the Prospector Entities. Even if he did, under the plan confirmed in the Paragon Cases, equity holders like Appellant were entitled to no recovery. Thus, even if Appellant were to succeed on his appeal, he

would still not be entitled to recovery in the Paragon Cases or the Prospector Cases. Moreover, the harm here is purely economic. "A purely economic injury, compensable in money, cannot satisfy the irreparable injury requirement" unless "the potential economic loss is so great as to threaten the existence of the movant's business." *Revel AC*, 802 F.3d at 572. No such assertion is advanced in the Stay Motion. Appellant has failed to demonstrate irreparable harm absent a stay.

***Other factors.*** Having evaluated Appellant's likelihood of success on the merits and irreparable injury absent a stay, and having determined that Appellant has failed to carry his burden as to either element, the Court is satisfied no further analysis is required.

***Conclusion***. Appellant has failed to establish a likelihood of success on appeal or that he will suffer irreparable harm in absence of a stay. For the foregoing reasons, the Court will deny the Stay Motion.

March 22, 2018
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE